# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KENNETH FOWLER,<br><br>    Plaintiff,<br><br>  vs.<br><br>CDCR, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:13cv00957 DLB PC

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

THIRTY DAY DEADLINE

    Plaintiff Kenneth Fowler ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action.[1] Plaintiff filed his complaint on June 24, 2013. He names California Department of Corrections and Rehabilitation Secretary Jeffrey Beard, Sierra Conservation Center ("SCC") Wardens Heidi Lackner and Frank Chavez, SCC Community Resource Manager Margo Wilkerson, Appeals Coordinator M. Baldwin, Chaplain Littlejohns, Director of Adult Institutions Kathleen Dickenson, Mailroom Supervisor Doe 1 and Religious Review Committee Doe 2 as Defendants.

## A. **LEGAL STANDARD**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 7, 2013.

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572

F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at SCC, where the events at issue occurred. Plaintiff's allegations relate to his contention that Defendants, at least since 2008, have hindered the practice of his Asatru/Odinic faith.

The specific allegations of Plaintiff's complaint begin in December 2008, when a chaplain did not show up to allow Plaintiff to practice his religion. On December 29, 2008, Defendant Littlejohns received a 602 for delivery to the appropriate party, but he refused to accept the documents and told Plaintiff to address the issue to Defendant Wilkerson.

On January 6, 2009, members of the Asatru/Odinic faith met with Defendant Wilkerson to discuss chapel times, calendar dates and the failure to issue priority ducats for special functions. However, Plaintiff contends that Defendant Wilkerson either denied the requests and/or did not take further action.

Also on January 6, 2009, Asatru/Odinic practitioners requested the use of outdoor land from Defendant Wilkerson. Defendant Wilkerson said that she would research the issue. On February 9, 2009, the request for an outdoor worship area was denied due to institutional safety and security.

Plaintiff alleges that a book order was submitted, but the books were "ordered twice because of the discriminatory practices of Defendants towards non-traditional faiths…" Compl. 16. Plaintiff contends that other faiths do not experience such inconveniences.

On April 11, 2009, Defendants Wilkerson and Littlejohns interviewed members in connection with a 602 filed for outdoor land use for religious purposes. The religion was not granted use of an outdoor worship area.

On May 11, 2009, horns were taken from the members and Defendant Wilkerson refused to return one. Plaintiff contends that this horn is mandatory for offering to deities.

Also on May 11, 2009, Plaintiff states that a book order arrived. "[T]he order was sent to the lower yard and Inmates on C-facility (Tuolumne) received used books from the lower yard, level I and II." Compl. 17. Plaintiff contends that this is the type of discrimination that he is forced to endure from Defendants Littlejohn and Wilkerson.

On June 1, 2009, Defendant Littlejohns indicated that there would not be a meeting on June 8, 2009, or a banquet on June 21, 2009, because there was no sponsor. Plaintiff contends that custody could have been assigned to oversee the banquet, and the faith does not require a church sanctioned person to oversee their functions.

In October 2009, Plaintiff had a discussion with Defendant Littlejohns about the use of a lighter to burn sage. Defendant Littlejohns denied the request.

In March 2010, Defendant Littlejohns escorted members of the Asatru/Odinic faith to the visiting room for "BLOT." However, they were denied an outdoor ceremony.

On April 3, 2010, staff refused to allow Asatru/Odinic members to attend service.

On April 5, 2010, Defendant Littlejohns threatened that if members continued to curse during service, he would no longer sponsor services. Members agreed, but Plaintiff contends that this denied him his freedom of expression and placed an unreasonable burden on the practice of his religion.

On April 17, 2010, CDCR issued a change to the regulations that required custody and staff to allow Practitioners excused time off. However, SCC does not allow excused time off and practitioners do not leave work for fear of losing their jobs.

On April 18, 2010, Defendant Lackner, while working at Mule Creek State Prison, received a request for creation of a job position. Plaintiff alleges that Defendant Lackner "had

knowledge of the needs of non-traditional faiths from her previous place of employment," yet she denied Plaintiff the opportunity to practice his religion.

On April 19, 2010, members requested religious supplies from Defendant Littlejohns. No supplies were issued.

In June 2010, SCC issued a supplement to the Operations Manual concerning religious programs. However, the procedure excluded many Asatru/Odinic requirements, was overbroad in denying vendors and denied outdoor areas for Asatru/Odinic services.

Plaintiff alleges that Defendant Chavez limited inmate property, but is unqualified to suggest what items are, or are not, sacred.

On November 22, 2010, a proposal was submitted to Defendant Wilkerson concerning guidelines for ordering spiritual packages. The proposal was denied, and special purchase orders for religious orders are denied for frivolous reasons. Plaintiff contends that other faiths do not have problems.

On December 20, 2010, Defendant Littlejohns issued a memorandum about oils, but Plaintiff contends that it is so ambiguous that it could be used to deny receipt of products. Plaintiff contends that this was designed to cause undue confusion and discourage practitioners of the Asatru/Odinic faith from placing orders.

On June 6, 2011, Defendant Baldwin refused or failed to process a grievance concerning Asatru/Odinic religious rights. Defendant Baldwin screened out the appeal in part because it was not signed, but he refused to allow an exhibit that explained the necessity of an outdoor area.

On July 20, 2011, Defendant Wilkerson responded to a grievance related to prisoners' rights to practice religion. Defendant Wilkerson indicated that an outdoor area on "C" facility accommodates various groups that require outdoor activity. An inmate requested a fire pit, but Defendant Wilkerson refused, citing safety and security concerns.

In September 2011, Defendant Lackner responded to a grievance, but the response was misleading because it suggested that the first level appeal was conducted properly. Plaintiff contends that Defendant Lackner had the authority to remedy the religious issues.

On October 25, 2012, Defendant Dickinson issued a memorandum related to inmate property and religious items. Plaintiff contends that the memo violates equal protection because it prohibits "establishing new outdoor worship areas." Compl. 25. It also forces practitioners to give up religious items that are not listed in the property matrix.

On January 31, 2013, Doe 1, mailroom supervisors, refused to process legal mail addressed to Defendant Wilkerson and requesting religious items.

On February 5 and 11, 2013, Defendant Baldwin refused to process grievances. This impeded Plaintiff's right to redress grievances and exercise his religious beliefs.

On March 4, 2013, Defendant Wilkerson refused and/or failed to process a request for religious items that were allowed for Asatru/Odinic practitioners. The denial indicated that the items were not allowed, though Plaintiff contends that the items were previously approved. The denial of herbs and oils deprived Plaintiff of items necessary for religious practice.

Based on these facts, Plaintiff alleges the following:

1.  Violation of the First Amendment Establishment Clause, the Fourteenth Amendment and the Religious Land Use and Institutions Practice Act ("RLUIPA") based on Defendants' deprivation of religious items and disallowing funds to Asatru/Odinic practitioners, while supporting mainstream religions;

2.  Violation of Equal Protection and RLUIPA based on the deprivation of equal access to privileges and benefits granted as a matter of course to other religions;

3.  Violation of the Free Exercise Clause of the First Amendment, the Fourteenth Amendment, and RLUIPA based on the substantial burden placed on the practice of the Asatru/Odinic faith;

4.  Violation of Article 1, Section 4 of the California Constitution and "state employment law. "

## C.   DISCUSSION

### 1.   Class Action

Plaintiff refers to this action as a class action and names numerous other inmates as purported inmates.  The Court denied Plaintiff's motion for class certification on June 26, 2013.

Plaintiff is not an attorney and he is proceeding without counsel.  A pro se litigant simply cannot "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000). While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others.  E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Accordingly, this action will not proceed as a class action.

### 2.   CDCR

Plaintiff names CDCR as a Defendant, perhaps for the purpose of obtaining injunctive relief.  However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state.  Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted).  While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

Thus, Plaintiff may not maintain a claim against CDCR.

3.   Defendants Beard, Lacy, Miller and Doe 2

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Plaintiff includes Defendants Beard, Lacy, Miller and Doe 2 in the section where he lists the parties, but he does not include any factual allegations against them.[2]  Accordingly, Plaintiff fails to link them to any alleged constitutional violation and fails to state a claim against them.

4.   Appeals Process

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.

Plaintiff's allegations that Defendant Baldwin refused to process grievances on at least three occasions are insufficient to state a claim against him.  Plaintiff does not a have protected

---

[2] The Court notes that Plaintiff has attached over 220 pages to his 40-page complaint.  The Court will not comb the exhibits for possible factual allegations against Defendants not specifically connected to events in the complaint.

liberty interest in, or any right to, the processing of appeals, and therefore, he cannot pursue a claim with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

As to Defendant Lackner, Plaintiff's conclusory allegation that Defendant Lackner responded to a grievance and had the authority to remedy the religious issues is insufficient to support a plausible claim for relief. Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Further, as discussed below, Plaintiff has not stated a viable claim based on the alleged religious issues. Absent the presentation of facts sufficient to show that a violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying issue.

5.    First Amendment- Establishment Clause

The Establishment Clause of the First Amendment "prohibits the enactment of a law or official policy that 'establishes a religion or religious faith, or tends to do so.'" Newdow v. Lefevre, 598 F.3d 638, 643 (9th Cir. 2010) (quoting Lynch v. Donnelly, 465 U.S. 668, 678, 104 S.Ct. 1355 (1984)). The clause applies to official condonement of a particular religion or religious belief, and to official disapproval or hostility towards religion. American Family Ass'n, Inc. v. City and County of San Francisco, 277 F.3d 1114, 1120-21 (9th Cir. 2002) (quotation marks and citations omitted). "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." Larson v. Valente, 456 U.S. 228, 244, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982). When the state action facially shows a preference for one religion over others, it must be analyzed under strict scrutiny. Id.; see also Hernandez v. Comm'r, 490 U.S. 680, 695, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989).

Here, Plaintiff contends that the denial of religious items, as well as the deprivation of funds to support the Asatru/Odinic religion, violates the Establishment Clause by endorsing mainstream religions. His allegations do not show, however, that the state is preferring

mainstream religion over his faith. In fact, while Plaintiff may believe that Defendants are "endorsing" mainstream religions, his facts demonstrate otherwise.

For example, Plaintiff believes that Defendants are taking (or not allowing) religious items necessary to practice his faith, but this does not support a finding that Defendants are *supporting* another faith. According to his allegations, Defendants allow a wide variety of items for the practice of his faith, including beads, chains, dirt, feathers, flutes, medallions, poetic books, rattles, ritual horns, bells, statutes, oils, bowls and cauldrons. Compl. 20-22. Certainly, there are restrictions on the characteristics of items, but such restrictions are inherent in a prison setting. "[A] prisoner retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Ashker v. California Dep't Of Corr., 350 F.3d 917, 922 (9th Cir. 2003) (internal citations and quotations omitted).

Therefore, even though Plaintiff may believe that he is entitled to two horns instead of one, or a larger collection of items than currently allowed, his belief does not translate into a finding that Defendants are supporting any one religion over another.

Plaintiff therefore fails to state a claim under the Establishment Clause of the First Amendment.

6.     First Amendment- Free Exercise

The First Amendment guarantees the right to the free exercise of religion. Cruz v. Beto, 405 U.S. 319, 323 (1972). "The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987); Turner v. Safley, 482 U.S. 78 (1987). In order to establish a free exercise violation, a prisoner must show a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883–84 (9th Cir. 2008).

a.   *Denial of Chapel Access*

Plaintiff's allegations relating to denial of chapel access are vague, at best, and do not suggest a prolonged denial of chapel access. He states that a chaplain did not show up on December 9, 2008, that Defendant Littlejohns cancelled two meetings in June 2009 because there was no sponsor, and that "staff" refused to allow members to attend services on April 13, 2010. Plaintiff contends that chapel access is an ongoing problem, but he doesn't provide further facts. He also alleges that on April 5, 2010, Defendant Littlejohns told members that if they continued to curse during services, he would no longer sponsor them.

It is not clear to the Court how these instances placed a substantial burden on Plaintiff's ability to practice his religion. While Plaintiff alleges an ongoing problem relating to chapel access, his claim is conclusory and without sufficient factual support. Moreover, while Plaintiff may prefer to have chapel access without a sponsor, or to be permitted to curse during services, the fact remains that Plaintiff is incarcerated and certain restrictions will be placed on his ability to practice religion. There is no indication that requiring a sponsor to be present during chapel services and/or refusing to permit swearing are not reasonably related to legitimate penological interests.

b.   *Denial of Outdoor Worship Space*

Plaintiff alleges that Defendants Littlejohns and Wilkerson often denied requests for an outdoor worship area based on safety and security concerns. In another instance, Plaintiff contends that Defendant Wilkerson responded to a grievance by explaining that there was an outdoor worship area on "C" facility to accommodate various religious groups that require outdoor religious activities.

Plaintiff's facts are insufficient to demonstrate that the denial of a "sacred," and presumably separate, outdoor worship area is a substantial burden without any reasonable justification. In fact, in response to Defendant Wilkerson's explanation that an outdoor area was

available to all faiths, there was no explanation as to why this was insufficient for Plaintiff to practice his faith. Instead, an inmate asked Defendant Wilkerson for an outdoor fire pit. The request was denied as a safety and security concern.

        c.    *Religious Items*

As discussed above, Plaintiff's complaints relating to disallowed items appears to relate to his disagreement with the specific restrictions placed on the items. For example, after listing over thirty items that Plaintiff *is* allowed to have (along with specific restrictions such as the requirement that a sword be made of not more than 16"x 2" cardboard), Plaintiff suggests that Defendant Chavez is unqualified to suggest that the items at issue are not sacred. He also complains of vague instances of limitations on packages and an instance where Defendant Doe 1 refused to mail a letter directed to Defendant Wilkerson.

These allegations do not, however, demonstrate why any of the restriction are a substantial burden without any reasonable justification.

For these reasons, Plaintiff fails to state a claim under the First Amendment.

       7.    <u>RLUIPA</u>

RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

See Pub.L.No. 106–274, 114 Stat. 803 (2000) (codified at 42 U.S.C. § 2000cc–1).

RLUIPA "mandates a stricter standard of review for prison regulations that burden the free exercise of religion than the reasonableness standard under <u>Turner</u>." <u>Shakur</u>, 514 F.3d at 888, citing <u>Warsoldier v. Woodford</u>, 418 F.3d 989, 994 (9th Cir.2005). The Supreme Court has noted "RLUIPA ... protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation

for exercise of their religion." Cutter v. Wilkinson, 544 U.S. 709, 721, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005). RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc–5(7)(A); San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir.2004).

Plaintiff bears the initial burden of demonstrating that Defendants substantially burdened the exercise of his religious beliefs. Warsoldier, 418 F.3d at 994–95). A "substantial burden" is one that is "oppressive to a significantly great extent." Id. at 995. It "must impose a significantly great restriction or onus upon [religious] exercise." Id.

For the same reasons discussed above, Plaintiff has failed to demonstrate that any of the issues he complains of substantially burden the practice of his religion. He therefore fails to state a claim under RLUIPA.

8.   Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). A prisoner is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)).

To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

Despite Plaintiff's claims, there is no indication that any of the actions he complains of were taken *because* of his religion. Plaintiff conclusively states that other religions don't have

the same issues, but he provides no facts to suggest that the actions of which he complains were taken because of *any* religion.

Plaintiff therefore fails to state an equal protection claim.

9.    State Law

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Here, Plaintiff references various state employment laws and a violation of Article 1, Section 4 of the California Constitution. Article 1, Section 4 provides for the free exercise and enjoyment of religion without discrimination, as well as a prohibition against the establishment of religion. The analysis under the California Constitution is the same as that under the Establishment Clause of the First Amendment. McCollum v. State of California, 2006 WL 2263912, *7 (N.D. Cal. 2006). Therefore, for the same reasons as noted above, Plaintiff fails to state a claim under the California Constitution.

Plaintiff may amend this claim, but is notified that if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his

14

state law claim, even if he cures the deficiencies and states a claim.  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

**D.    ORDER**

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint, if he believes, **in good faith**, that he can cure the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

15

1        4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

2    action will be dismissed, with prejudice, for failure to state a claim under section 1983.

3

4    IT IS SO ORDERED.

5

     Dated:   **February 3, 2014**          /s/ *Dennis L. Beck*

6                                                  UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28